**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**

**FILED**

Dec 18 2013, 9:07 am

*Kevin S. Smith*

**CLERK**
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**KIMBERLY A. JACKSON**
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**ERIC P. BABBS**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| ANDRE MOTON, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 84A01-1305-CR-220 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE VIGO SUPERIOR COURT
The Honorable Michael J. Lewis, Judge
Cause No. 84D06-1110-MR-3437

**December 18, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BROWN, Judge**

Andre Moton appeals his sentence for robbery as a class A felony and attempted carjacking as a class B felony. Moton raises two issues which we consolidate and restate as whether his sentence is inappropriate in light of the nature of the offense and his character. We affirm.

FACTS AND PROCEDURAL HISTORY[1]

Moton, who was born on May 13, 1994, was committed to the Gibault Children's Services Facility. On October 24, 2011, Moton and two other juveniles at the facility beat another individual and then left the facility. The three eventually approached Aaron Drumm as he was loading groceries in his car in the Walmart parking lot. Drumm entered his vehicle, and one of the juveniles blocked the door and hit Drumm in the head with his fist while another juvenile crawled over Drumm, sat in the passenger seat, and began hitting Drumm in the side of his head and face with his fist. Moton attempted to take Drumm's vehicle by striking him, entering his vehicle, and/or attempting to remove him from the vehicle. The three individuals left while Drumm was still in his vehicle.

They then walked to a nearby White Castle Restaurant where they beat Kevin Sherrill and stole his truck. Moton forcefully took a cell phone and wallet from Kevin Sherrill resulting in serious bodily injury of a laceration and broken hip and/or pelvis.

The police chased Moton who was driving Sherrill's truck with the two other juveniles. Moton struck a concrete median, overcorrected, and struck a light pole and several parked vehicles. He ran from the vehicle and was apprehended by police. The

---

[1] On appeal, Moton cites to an Indiana State Police Incident Report and an Indiana State Police Supplemental Case Report for his statement of facts. We rely on these documents as well as Moton's brief for our recitation of the facts.

two other juveniles were injured in the collision, and one of the juveniles later died from his injuries.

On October 28, 2011, the State charged Moton with Count I, felony murder; Count II, robbery resulting in serious bodily injury as a class A felony; Count III, carjacking as a class B felony; Count IV, attempted carjacking as a class B felony; Count V, resisting law enforcement as a class D felony; Count VI, escape as a class C felony; Count VII, resisting law enforcement as a class A misdemeanor; and Count VIII, battery resulting in bodily injury as a class A misdemeanor.

On September 17, 2012, the parties filed a plea agreement in which Moton agreed to plead guilty to Count II, robbery resulting in serious bodily injury as a class A felony, and Count IV, attempted carjacking as a class B felony, and the State agreed to dismiss the remaining counts. The parties agreed that the sentences for Counts II and IV would run concurrent with one another and any sentence Moton received would be capped at thirty-five years. At sentencing, the court stated:

> Weighing aggravators and mitigators, I'll go over aggravators first. The fact that you plead guilty to this crime I'm not using as a mitigator because you were giving [sic] the benefit of all those other counts being dismissed. I do look at your prior criminal history, even though it was all committed as a juvenile, . . . there's force as the prosecutor said is associated with each of these arrest [sic], even though some of these cases were dismissed. Battery on a police officer, battery on another, disorderly conduct, battery resulting in bodily injury, resisting law enforcement, false informing. I look at this crime itself. We had an individual attacked at Walmart, Mr. Drum[m], then we had an individual attacked at Stake [sic] an [sic] Shake, Mr. Sherrill. Which he had some disabilities before but he's a lot more disabled now because of the attack. I do look at some of your problems as child, as a, as a child and, I mean you're still basically a child, I mean some people will say eighteen's (18) a child some people say twenty one (21). You have ADHD, you have post traumatic stress disorder from things that happen [sic] to you as child. I've read the reports, I've read Dr. Murphy's report,

3

I've read the other documents that said you have oppositional defiance disorder. Weighing everything, the mitigators and the aggravators, I think they balance each other out.

March 15, 2013 Transcript at 52-53. The court sentenced Moton to thirty years on Count II, robbery resulting in serious bodily injury as a class A felony, and ten years on Count IV, attempted carjacking as a class B felony, and ordered the sentences to be served concurrent with each other for an aggregate sentence of thirty years. The court also recommended that Moton participate in mental health counseling at the Indiana Department of Correction.

## DISCUSSION

The issue is whether Moton's sentence is inappropriate. Indiana Appellate Rule 7(B) provides that this court "may revise a sentence authorized by statute if, after due consideration of the trial court's decision, [we find] that the sentence is inappropriate in light of the nature of the offense and the character of the offender." Under this rule, the burden is on the defendant to persuade the appellate court that his or her sentence is inappropriate. Childress v. State, 848 N.E.2d 1073, 1080 (Ind. 2006).

Moton concedes that "[a]fter beating another boy at the Gibault School, [he] and two other juveniles escaped, beat a man during an unsuccessful carjacking, [] beat another man during a later successful carjacking," that "[w]hen police began pursuing the stolen truck, which Moton was driving, the truck crashed, injuring Moton and [one of the juveniles] and ultimately killing" the other juvenile, and that Sherrill suffered serious bodily injuries. Appellant's Brief at 15. However, Moton argues that the record does not reflect the extent of the injuries to Drumm or the other victim or the exact roles of each of

4

the three boys in each offense except that Moton was driving the stolen car when it crashed. With respect to his character, he argues that he was seventeen years old at the time of the offense, was functioning in the low normal range of intelligence, his juvenile misconduct is minor in comparison to the present offenses, he suffered from ADHD, depression, and oppositional defiant disorder, and he is remorseful for these offenses. Moton requests this court to reverse his sentence and impose an aggregate sentence of no more than twenty years imprisonment.

Our review of the nature of the offense reveals Moton and two others approached Drumm as he was loading groceries in his car in the Walmart parking lot. Moton attempted to take Drumm's vehicle by striking him, entering his vehicle, and/or attempting to remove him from the vehicle. Moton forcefully took a cell phone and wallet from Sherrill resulting in serious bodily injury to Sherrill, that being laceration and broken hip and/or pelvis.

Our review of the character of the offender reveals that while Moton pled guilty to robbery resulting in serious bodily injury as a class A felony and attempted carjacking as a class B felony, the State dismissed charges of felony murder, carjacking as a class B felony, resisting law enforcement as a class D felony, escape as a class C felony, resisting law enforcement as a class A misdemeanor, and battery resulting in bodily injury as a class A misdemeanor, and the plea agreement provided that the sentences would run concurrent with each another and any sentence would be capped at thirty-five years.

As a juvenile, Moton was charged with battery resulting in bodily injury in 2009, but the charge was dismissed. That same year, Moton was charged with disorderly

5

conduct and criminal recklessness, he admitted to disorderly conduct and was placed on probation, and the charge of criminal recklessness was dismissed. In April 2011, Moton was charged with battery resulting in bodily injury against a law enforcement officer, disorderly conduct, criminal trespass, and resisting law enforcement. The charge of battery on a police officer was dismissed, and Moton admitted to the other counts. He was placed on probation with "In House Arrest," and a probation violation was filed because of new charges. Appellant's Appendix at 125. In August 2011, the State charged Moton with resisting law enforcement and false informing, and he entered an admission and was placed at the Gibault facility in Terre Haute. At the time of the presentence investigation report, Moton was eighteen years old and had three adjudications as a juvenile which included six misdemeanor offenses.

Moton has been in counseling and treatment since he was twelve years old. The presentence investigation report reveals that Moton was diagnosed with ADHD, depression, and PTSD and has been on ongoing medication for all. The PTSD was a result of a rape when Moton was eleven years old by the sixteen-year-old son of one of his mother's boyfriends. Moton also received inpatient treatment for suicidal ideation. He was suspended or expelled from Merrillville High School.

Under the circumstances and after due consideration of the trial court's decision and of the record, we conclude that Moton has not sustained his burden of establishing that his advisory sentence of thirty years for robbery as a class A felony to be served

concurrent with his advisory sentence of ten years for attempted carjacking as a class B felony is inappropriate in light of the nature of the offense and his character.[2]

For the foregoing reasons, we affirm Moton's sentence for robbery as a class A felony and attempted carjacking as a class B felony.

Affirmed.

ROBB, C.J., and BARNES, J., concur.

---

[2] Moton also argues that the trial court abused its discretion by failing to find his age and difficult childhood as mitigating circumstances, by finding Sherrill's injuries to be an aggravating circumstance because those injuries were an element of the robbery count, and by finding that Sherrill had some disabilities before but was now more disabled because of the attack, when the record contains no evidence of the extent of Sherrill's injuries before or after the offense. However, "even if the trial court is found to have abused its discretion in the process it used to sentence the defendant, the error is harmless if the sentence imposed was not inappropriate." Mendoza v. State, 869 N.E.2d 546, 556 (Ind. Ct. App. 2007), trans. denied; see also Windhorst v. State, 868 N.E.2d 504, 507 (Ind. 2007) (holding that in the absence of a proper sentencing order, we may either remand for resentencing or exercise our authority to review the sentence pursuant to Ind. Appellate Rule 7(B)), reh'g denied; Shelby v. State, 986 N.E.2d 345, 370 (Ind. Ct. App. 2013) (holding that "even if the trial court did abuse its discretion by failing to consider the alleged mitigating factor of residual doubt, this does not require remand for resentencing"), trans. denied. Accordingly, we need not discuss Moton's contentions that the court abused its discretion in sentencing him given that we have determined that his sentence is not inappropriate.